# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DURRIEL E. GILLAUM, #05070-090**

    **Petitioner,**

**vs.**                                                **CIVIL NO. 11-cv-482-DRH**

**JAMES CROSS,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      This case is before the Court on petitioner's writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution in Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the sentence that was imposed relating to his October 23, 2002, conviction in the District Court for the Western District of Wisconsin (No. 3:02-cr-00021-bbc-1). Petitioner was therein convicted of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 188 months imprisonment, 5 years supervised release, and a $100 criminal assessment. This sentence was based on the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), and took into account petitioner's criminal history, which included three Illinois State convictions (one for attempted robbery and two for

aggravated battery)[1]. Petitioner appealed the conviction, challenging the execution of the search warrant, his interrogation, a failure of the government to promptly disclose a police report to defense counsel, calculation of his prison sentence, and the constitutionality of the federal law under which he was convicted. The Court of Appeals affirmed the conviction. *U.S. v. Gillaum*, 355 F.3d 982 (7th Cir. 2004).

However, petitioner then filed a petition for rehearing, which was granted. The original opinion was withdrawn, and the Court of Appeals issued a new opinion on June 23, 2004. *U.S. v. Gillaum*, 372 F.3d 848 (7th Cir. 2004). In that opinion, the court held that the October 27, 1983 order for discharge notice sent to petitioner regarding the Illinois State convictions for attempted robbery and aggravated battery, which did not specifically state that petitioner's right to possess a firearm had not been restored, did not fully restore all of petitioner's civil rights. The court found that only petitioner's rights to vote and administer estates were restored, not his rights to serve on a jury or hold elective office. *Id.* at 860-61 (discussing *United States v. Williams*, 128 F.3d 1128, 1134 (7th Cir. 1997)). Because these other rights were not restored, the court determined that petitioner's civil rights were not fully restored, and as such, the Illinois convictions for attempted robbery and aggravated battery could be counted for armed career criminal purposes. *Id* at 861. Petitioner then petitioned the U.S. Supreme Court for a writ of certiorari, but this writ was denied on November 1, 2004. *Gillaum v. U.S.*, 543 U.S. 969 (2004). Petitioner filed

---

[1] The Seventh Circuit noted in its June 23, 2004 order that Petitioner also had convictions for armed robbery and possession with intent to deliver cocaine in Wisconsin. Petitioner does not mention these convictions in this Petition. *See U.S. v. Gillaum*, 372 U.S. 848, 853 (7th Cir. 2004).

a § 2255 motion on November 2, 2005, challenging his sentence based on his status as an armed career criminal. This motion was dismissed on December 28, 2005 (No. 3:05-cv-00639-bbc).

Petitioner now argues that based on the September 10, 2009 ruling in *Buchmeier v. United States*, he is actually innocent of the Armed Career Criminal sentencing enhancement because his three prior Illinois State convictions should not have qualified as predicate offenses based on the *Buchmeier* analysis. *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009) (holding that notice sent by the State post-release amounted to a restoration of civil rights, and where that notice failed to inform the former inmate that his or her rights to possess a gun had *not* been restored, the convictions relating to this notice cannot be considered for federal sentencing purposes.)

Petitioner asserts that in light of the Seventh Circuit's holding in *Buchmeier*, his three Illinois State convictions for attempted robbery and aggravated battery should not have been used to enhance his sentence, because the notice he received from the State restored his civil rights, and did not inform him that his right to possess a gun had *not* been restored. Petitioner urges this Court to grant relief because the *Buchmeier* case was not decided until 2009, so he could not have raised the case in his November 2005 § 2255 motion.

As explained below, the Court finds that petitioner's claim is one of the few cases where § 2255 does not provide an adequate remedy, and meaningful review can only be available via a petition filed pursuant to § 2241. Therefore, the respondent

shall be directed to answer this petition. Nothing in the instant order shall be construed as an opinion on the merits of petitioner's claim.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

An inmate who has had the opportunity for one round of review under § 2255 may only file a second, or successive, § 2255 motion by first obtaining leave by certification of the appropriate court of appeals that his motion meets one of the listed criteria. 28 U.S.C. § 2255(h). This limitation alone does not render § 2255 an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (Section 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted

defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport*, 147 F.3d at 611 (emphasis added). The Circuit clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Here, petitioner is not claiming that he is actually innocent of his Illinois State convictions for attempted robbery and aggravated battery, or of the federal firearm charge of which he was found guilty. Instead, he argues that he is "actually innocent" of being an armed career criminal within the meaning of the Armed Career Criminal Act because his civil rights were effectively restored after these convictions, and that he was not put on notice that his right to possess a firearm was not restored, so that those convictions should not count towards the armed career criminal enhancement. This Court reviews this petition mindful of the Seventh Circuit's recent statement that it characterizes "the distinction between crimes and sentencing enhancements as 'one of degree, not one of kind.'" *Harris v. Hollingsworth*, No. 10-3494, slip op. at 2 (7th Cir. March 11, 2011) (citing *Welch v. U.S.*, 604 F.3d 408, 415 (7th Cir. 2010)).

As stated above, petitioner points to the *Buchmeier* case, wherein the Seventh Circuit held that because Buchmeier's post-release notice did not inform him that his civil right to possess a firearm had not been restored, the convictions relating to the incarceration could not be used for federal sentencing purposes. *Buchmeier v. U.S.*, 581 F.3d 561, 567 (7th Cir. 2009). Petitioner asserts that this holding applies to him

as well, because his discharge notice also did not inform him that his right to possess a firearm had not been restored. Petitioner claims that § 2255 is inadequate for him in this case because the *Buckmeier* case was not a Supreme Court decision, and because a second or successive § 2255 motion can only be filed where the Supreme Court has made a new constitutional rule retroactive. Petitioner argues that he is therefore precluded from bringing this case in a second § 2255 motion. *See* 18 U.S.C. § 2255(h)(2).

Petitioner is correct that a second or successive petition filed under § 2255 can only be authorized where the U.S. Supreme Court has itself recognized the new rule, and has then made it retroactive. *Id.* (New motion must contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). In petitioner's case, he has already had his initial § 2255 motion heard and rejected by the sentencing court. Therefore, petitioner can only obtain collateral review of his argument pursuant to the *Buckmeier* case under § 2255 if the Seventh Circuit were to allow him to file a second § 2255 action in the sentencing court. However, as stated above, because the *Buckmeier* case is not a U.S. Supreme Court case, the Circuit does not have the authority to allow petitioner to file a second § 2255 motion, pursuant to the requirements of § 2255(h)(2). Therefore, it appears that petitioner has raised an "actual innocence" claim that § 2255 is procedurally inadequate to address. *See Davenport*, 147 F.3d at 610-12 (allowing prisoner to proceed under § 2241 where change in law came after first § 2255 motion had been denied and Supreme Court

had not made new constitutional rule retroactive so as to allow a second § 2255 motion to be certified).

Accordingly, the respondent is ordered to answer the petition.

**IT IS HEREBY ORDERED** that respondent shall, within **23 days** of receipt of this petition for Writ of Habeas Corpus, answer and show cause why the writ should not issue. Service of the petition and this Memorandum and Order upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that petitioner shall serve upon pespondent (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Petitioner shall include, with the original paper to be filed, a certificate stating the date on which a true and correct copy of the document was served on respondent or defense counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each

opposing party) informed of any change in his address during the pendency of this action; the Court will not independently investigate his whereabouts. This notification shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   August 16, 2011**

Digitally signed by David R. Herndon
Date: 2011.08.16 10:46:05 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**