IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DURRIEL E. GILLAUM,

        Petitioner,

vs.                                 No. 11-0482-DRH

JAMES CROSS,

        Respondent.

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### Introduction and Background

Petitioner is currently incarcerated in a Federal Correctional Institution in Greenville, Illinois. Petitioner brings this habeas corpus petition pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement.

October 23, 2002, the United States District Court for the Western District of Wisconsin convicted Petitioner of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). *United States v. Gillaum*, No. 02-cr-21 (W.D.W.I. Oct. 23, 2002). Petitioner was sentenced under 18 U.S.C. § 924(e)(1) of the Armed Career Criminal Act ("ACCA") to 188 months' imprisonment, five years' supervised release, and a $100 special assessment. *Id.* The sentence relied on three of petitioner's Illinois state convictions (one for attempted robbery and two

for aggravated battery.[1] *Id.* Prior to the imposition of the federal sentence, petitioner's rights had been restored by an October 27, 1983 order for discharge, which notified petitioner that certain of his civil rights were restored.

Petitioner appealed the conviction arguing that: (1) the search warrant was improperly executed; (2) he was involuntarily interrogated; (3) the government failed to promptly disclose a police report to defense counsel; (4) the length of his sentence was improper; (5) the federal law under which he was convicted was unconstitutional. The Seventh Circuit Court of Appeals affirmed the conviction. *United States v. Gillaum*, 355 F.3d 982, 987 (7th Cir. 2004).

Petitioner sought a rehearing, which the Seventh Circuit granted. The Seventh Circuit withdrew its previous opinion and issued a new one on June 23, 2004. *United States v. Gillaum*, 372 F.3d 848 (7th Cir. 2004). In its new opinion, the Seventh Circuit held that the October 27, 1983 order for discharge notice sent to petitioner regarding the Illinois state convictions did not fully restore all of petitioner's civil rights. *Id.* at 861. The discharge notice did not specifically state that Petitioner's right to possess a firearm had not been restored. *Id.* The Seventh Circuit found that only petitioner's rights to vote and administer estates were restored and his rights to serve on a jury or hold elective office were not restored. *Id.* The United States Supreme Court denied petitioner a writ of certiorari. *United States v. Gillaum*, 372 F.3d 848 (7th Cir. 2004), *cert. denied*

---

[1] The Seventh Circuit noted in its June 23, 2004 order that petitioner also had convictions for armed robbery and possession with intent to deliver cocaine in Wisconsin. Petitioner does not mention these convictions in this Petition. *See United States v. Gillaum*, 372 F.3d 848, 853(7th Cir. 2004).

543 U.S. 969 (2004).

On November 2, 2005, petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the Western District of Wisconsin. Petitioner alleged the following claims in his § 2255 motion:

> (1) defendant's trial counsel was constitutionally ineffective for not arguing to the court that the mandatory aspects of the federal sentencing guidelines deprived defendant of his Sixth Amendment constitutional rights; (2) defendant's constitutional right to trial by jury was violated when the court sentenced him on the basis of previous convictions that had not been found as fact by the jury; (3) the appellate court erred in deciding that the government's failure to turnover a certain piece of evidence was not prejudicial to defendant; and (4) the court erred in sentencing him as if it were bound by the sentencing guidelines.

*United States v. Gillaum*, No. 02-cr-21 (W.D.W.I. Dec. 28, 2005). The motion was denied on December 28, 2005. *Id.*

On June 8, 2011, Petitioner filed this petition for writ of habeas corpus. (Doc. 1). Petitioner alleges that he is actually innocent of the ACCA sentence because his three prior Illinois state convictions should not have qualified as predicate offenses after the Seventh Circuit's ruling. *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009) (finding that a State's post-release notice amounts to a restoration of civil rights, and if the notice fails to inform one that rights to possess a gun had not been restored, then convictions relating to this notice cannot be considered for federal sentencing purposes). Petitioner argues that in light of the Seventh Circuit's holding in *Buchmeier*, his three Illinois state convictions for attempted robbery and aggravated battery should not have been used to increase the length of his sentence. Petitioner claims that his sentence

3

should not have been lengthened because the notice he received from the State restored his civil rights, but failed to inform him that there was no restoration of his right to possess a gun. Petitioner also states that because the *Buchmeier* case was not decided until 2009, he could not have raised the claim in his 28 U.S.C. § 2255 Petition from November 2005. In essence, petitioner asks for retroactive application of *Buchmeier*.

## ANALYSIS

The essential function of habeas corpus is to give a prisoner "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). A reasonable opportunity to raise an issue in a: claim on appeal, first § 2255 motion, or second or successive § 2255 motion within the Antiterrorism and Effective Death Penalty Act restrictions, is enough to serve that essential function and satisfy the Constitution. *Id.*

Generally, collateral attacks on the imposition of a sentence, as opposed to the execution of that sentence, must be brought by a federal prisoner under § 2255. 28 U.S.C. § 2255; *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992); *see Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e). 28 U.S.C. § 2255(e). The savings clause allows federal prisoners to bring a claim under § 2241, where they can show that a remedy under § 2255 is inadequate or

4

ineffective to test the legality of the detention. *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). A remedy under § 2255 is inadequate or ineffective when "a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." *Brown v. Rios*, 696 F.3d 638, 641 (7th Cir. 2012); *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012); *Davenport*, 147 F.3d at 611–12.

Petitioner is not entitled to seek relief pursuant to § 2241 because § 2255 was adequate to test the legality of his detention. Here, petitioner is not claiming that he is actually innocent of the Illinois state convictions for attempted robbery and aggravated battery, or of the federal firearm charge of which he was found guilty. Instead, he argues that he is "actually innocent" as an armed career criminal under the ACCA. Petitioner argues under the Seventh Circuit's 2009 decision in *Buchmeier* that his previous state court convictions should not be included in the ACCA calculation. Petitioner believes this to be the case because his civil rights were effectively restored based on the discharge notice, and there was no express notice that his right to possess a firearm was not restored. Petitioner also claims that § 2255 is inadequate for him in this case because *Buchmeier* was not a Supreme Court decision making a constitutional rule retroactive, thus allowing him to file a second or successive § 2255 motion.

Although petitioner relies on *Buchmeier* for his claim, that the notice informing him of the restoration of some of his rights did not include an express restriction on firearms use or possession, petitioner cannot seek habeas relief. As

5

respondent correctly argues, there was no change in the applicable law such that petitioner now has a claim he could not have raised in a prior § 2255 motion. *Buchmeier* merely reaffirmed Seventh Circuit precedent in holding that certain civil rights restoration notices without express firearms exceptions render the related convictions unusable for an ACCA enhancement pursuant to 18 U.S.C. § 921(a)(20). *See Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009).

Not only did *Buchmeier* not change the law, but its holding is not even novel. *Buchmeier* is merely one of "a long line of cases stretching back to 1990, when the Seventh Circuit decided *United States v. Erwin*, 902 F.2d 510 (7th Cir. 1990). In *Buchmeier*, the court noted that although the discussion of § 921(a)(20) in *Erwin* may have been dictum, that approach became the holding in a 1994 case of *United States v. Glaser*, 14 F.3d 1213 (7th Cir. 1994) and has been followed in this circuit since." *Alicea v. Rios*, 2012 U.S. Dist. LEXIS 166008, at *7 (C.D. Ill. Nov. 21, 2012) (citing *Buchmeier*, 581 F.3d at 565). In each of these cases, the Court considered the meaning of § 921(a)(20) and its limits on convictions that may be used for ACCA purposes. *Id.* Even if *Buchmeier* were the case which most clearly supported petitioner's claim, he could have raised this argument in prior challenges to his sentence. *Id.*; *see Stallings v. Cross*, 2012 U.S. Dist. LEXIS 158763, at *6 (S.D. Ill. Sept. 27, 27, 2012) (citing *Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001)) ("The argument that a prior conviction on which petitioner's civil rights had been restored should not have been used to enhance his sentence could have been

6

raised in the original § 2255 motion; *Buchmeier* was by no means the first reported case to present that theory."). The argument petitioner wishes to make was not foreclosed before *Buchmeier*; thus, § 2255 is not inadequate or ineffective to test the legality of petitioner's detention.

## CONCLUSION

Accordingly, the Court **DENIES** Gillaum's petition for writ of habeas corpus (Doc. 1) and **DISMISSES with prejudice** this cause of action. The Court DIRECTS the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 22nd day of April, 2013.

Digitally signed by David R. Herndon
Date: 2013.04.22 11:30:31 -05'00'

**Chief Judge**
**United States District Court**